James H. Harlow and George R. Harlow, trading as James H. Harlow & Company, Appellants, *v.* Borough of Wilkinsburg.

*Contract—Arbitration—Receipt.*

Where a municipal contract provides that matters in dispute shall be left to the decision of the engineer, and certain extras claimed by the contractors have been passed upon by the engineer and disallowed, and the contractors, with a full knowledge of all the circumstances, and without any fraud, accident or mistake, have executed a receipt in full for the whole amount allowed them by the engineer, they cannot afterwards repeat their claim for the extras disallowed, either in an action at law, or in any other manner.

Argued Nov. 9, 1898. Appeal, No. 167, Oct. T., 1898, by plaintiffs, from order of C. P. No. 1, Allegheny Co., June T., 1897, No. 755, refusing to take off nonsuit. Before GREEN, MᶜCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a municipal contract for constructing sewers. Before COLLIER, J.

The contract provided that defendant might enlarge or diminish the work to be done, with an addition to, or deduction from, the contract price, according to a scale of rates agreed upon in the contract. Partial payments were to be made upon monthly estimates, and the balance upon completion of the work upon a final estimate to be made by the engineer who was to superintend the work; and that "in any dispute which may arise between the parties," the decision of the engineer should be final

and conclusive; the parties waiving "any right of action, suit or suits, or other remedy in law or otherwise, . . . . so that the decision of the engineer shall, in the nature of an award, be final and conclusive on the rights and claims of the parties."

On completion of the work, the engineer made his final estimate, of which plaintiffs obtained a copy.

At the trial plaintiffs offered in evidence a receipt signed by them for the sum of $6,000, being a payment on account due them, according to the engineer's final estimate. This receipt contained language purporting a payment in full. Plaintiffs thereupon further proved that they protested against giving a receipt in full.

In entering a nonsuit the court said

The controlling facts are these: The plaintiffs made a written agreement to lay down sewers for the borough of Wilkinsburg, at a contract price of $138,000; by the final estimate made by the engineer under the contract they were allowed $148,000, $10,000 more than the contract price, all of which money the plaintiffs got; afterwards, in March, 1894, plaintiffs signed a receipt in full for all demands, including the very extras now demanded, the receipt here being only prima facie as to the amount, but the receipt shows it covers the very things now claimed for. Under these controlling facts the plaintiffs certainly cannot recover in this action, and if they have any remedy it would be under the written contract to have the matter disposed of by the engineer, because that is the proper way and the only way that boroughs and cities can get their work done. We are also of the opinion that no sufficient evidence of a demand on the disputed items has been shown, made upon the engineer and refused. But on either, particularly the first point, we are of the opinion that the plaintiffs have not maintained their action, and, therefore, grant the motion for a nonsuit, with leave to move the court in banc to take it off, if the court in banc thinks we have erred, or will give you the benefit of it.

*Error assigned* was in entering nonsuit.

*Magnus Pflaum*, for appellants, cited Russell v. Church, 65 Pa. 15; Hamsher v. Kline, 57 Pa. 403; Horton's App., 38 Pa.

294; Bell v. Bell, 12 Pa. 235; Dutton v. Tilden, 13 Pa. 46; Jones v. Patterson, 1 W. & S. 321; Shoemaker v. Stiles, 102 Pa. 549; Faunce v. Burke & Gonder, 16 Pa. 469; Herdic v. Bilger, 47 Pa. 60; Hostetter v. Pittsburgh, 107 Pa. 435; Wadsworth v. Smith, L. R. 6 Queen's Bench Cases, 336; Oberlies v. Bullinger, 75 Hun (N. Y.), 248; Memphis, etc., R. R. v. Wilcox, 48 Pa. 161; Kelly v. Crawford, 5 Wall. 785.

*J. A. Langfitt*, for appellee, was not heard, but cited in his printed brief: Reynolds v. Caldwell, 51 Pa. 298; Monongahela Nav. Co. v. Fenlon, 4 W. & S. 205; Faunce v. Burke & Gonder, 16 Pa. 480; Hartupee v. Pittsburgh, 97 Pa. 107; Harris v. Hay, 111 Pa. 563.

PER CURIAM, January 3, 1899:

The plaintiffs did have the action of the engineer upon their entire claim, including items for which they now seek to recover, and his decision was against the allowance of these items. After that, and with a full knowledge of all the circumstances, and without even an allegation of fraud, mistake or accident, the plaintiffs executed a receipt in full for the whole amount allowed them by the engineer, and it is too late for them now to repeat the claim, either in an action at law, or in any other manner. The learned court below was clearly right in granting the nonsuit.

Judgment affirmed.